## MITCHELL *vs.* MITCHELL.

1. Where parts of an answer are responsive to the complainant's bill, upon matters within the knowledge of the defendant, and fully deny the equity upon which an injunction was based, it is no reason for denying the motion to dissolve that the answer in other respects is not a full answer to the bill in other allegations, and that some of the exceptions to the answer are well taken.

2. The English rule that exceptions to an answer, undisposed of, are a bar to the dissolution of an injunction upon the denials of the answer, has not been adopted in this state.

On motion to dissolve injunction upon bill and answer.

*Mr. Winfield,* in support of the motion.

*Mr. Dixon,* contra.

THE CHANCELLOR.

The injunction in this case is to restrain the defendants from conveying certain lands. It is founded on the allega-

tions in the bill, that the defendant, Johanna, before her divorce from the complainant, and while living with him as his wife, fraudulently procured the lands in question, which had been bought by him, and paid for by her with his money entrusted to her for that purpose, to be conveyed to her in her own name, instead of procuring the same to be conveyed to the complainant, as it was agreed should be done when he entrusted her with the money, and directed her to procure the deed; and that she concealed this fact from the complainant for a long time afterwards; and that she has now, conveyed the lands to the other defendants in trust for her, and that they are endeavoring to dispose of the same.

The defendants have answered, denying that the lands were purchased by the complainant, or that they were paid for with his money, but allege that they were purchased by the defendant, Johanna, for her own use, and paid for with money derived from property which she had in her own right before her marriage to the complainant; and that the deeds for the same were given to her in her own name, with the knowledge and consent of the complainant.

These parts of the answer are responsive to the complainant's bill, upon matters within the knowledge of the defendant, Johanna, and fully deny the equity upon which the injunction is based. That the answer in other respects is not a full answer to the bill in other allegations, and that some of the exceptions are well taken, and will be sustained, is no reason for denying the motion to dissolve. In the English Court of Chancery, exceptions to an answer undisposed of are a bar to dissolution of the injunction upon the denials of the answer. That practice has not been adopted in this state. The dissolution depends upon a full denial of the facts, which constitute the equity on which the injunction is founded.